UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJIMAN HOLMES,

                                    Plaintiff,

                    -against-

THE CITY OF NEW YORK; NAICA;
ANTHONY ACOSTA; DHS,

                                    Defendants.

22-CV-6662 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action alleging that his constitutional rights

were violated when he was "jumped" at a facility operated by Defendant Neighborhood

Association for Inter-Cultural Affairs ("NAICA"). He also names as Defendants the City of New

York, the New York City Department of Homeless Services ("DHS"), and Anthony Acosta, who

is employed at NAICA.[1] As Plaintiff asserts that Defendants violated his constitutional rights and

he names the City of New York, the Court construes the complaint as asserting claims under 42

U.S.C. § 1983. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017)

(holding that district courts must construe a *pro se* plaintiff's complaint as asserting claims under

laws of which factual allegations suggest a violation).

        By order dated August 9, 2022, the Court granted Plaintiff's request to proceed *in forma*

*pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court:

---

[1] Plaintiff also refers to Acosta as "DHS Director," but the address he provides is the same address he provides for NAICA. According to NAICA's website, it operates a transitional housing program at 3339 Park Avenue in the Bronx, the same address Plaintiff provides as Acosta's address. *See* NAICA, Transitional Housing Programs, http://naicany.org/transitional-housing (last visited on Sept. 27, 2022). NAICA describes itself as a not-for-profit organization. *See id.* naicany.org/about-us/.

(1) dismisses Plaintiff's claims against DHS because it is a nonsuable entity under the New York City Charter; (2) dismisses the Section 1983 claims against NAICA and Acosta; and (3) grants Plaintiff leave to file an amended complaint against Acosta and the City of New York, within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[2] On multiple occasions, at a Defendant NAICA "facility," Plaintiff was "jumped." (ECF 2, at 5.) Plaintiff concludes that NAICA employee,

> Anthony Acosta is behind it. Acosta has broken into my locker taking 65$ worth of food. He has held my medication from me knowing that I am a cardiac. I've had people attack me harming me. DHS has failed to put me in a protective location and have held me for 15 years from getting an apartment. My last incident I was jump my some one in this pace they call the police on my and I was victim. Had me lock up. I had to go to hospital to be treated for trauma. This happened on December 23 2021.

(*Id.*)

Plaintiff contends that the December 23, 2021, arrest was "wrong ful . . . because I was hurt in the process." (*Id.* at 6.) He also contends that he "was treated for trauma in the hospital . . . [and that because I am] a cardiac patient I can not be pushed to the ground and hit in the head." (*Id.*) He claims he has suffered head trauma, which has been treated at the hospital, "due to people hitting me." (*Id.*) He seeks money damages in the amount of $9,000,000, claiming that "this place has almost killed me." (*Id.*)

---

[2] Quotations are taken directly from the complaint. All grammar, punctuation and syntax are as in the original.

**DISCUSSION**

**A.      Department of Homeless Services**

Plaintiff's claims against DHS must be dismissed because an agency of the City of New

York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and

proceedings for the recovery of penalties for the violation of any law shall be brought in the

name of the city of New York and not in that of any agency, except where otherwise provided by

law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City

of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited

from suing a municipal agency.").

**B.      NAICA and Anthony Acosta**

Plaintiff alleges that Defendant Anthony Acosta, an employee of Defendant NAICA, was

involved personally in violating his rights by: (1) breaking into Plaintiff's locker; (2) taking $65

worth of Plaintiff's food from his locker; and (3) holding his medication, knowing that Plaintiff

has a heart condition. He also alleges that Acosta "is behind" Plaintiff being "jump[ed]" at his

NAICA residence. (ECF 2, at 5.) As set forth below, Plaintiff's federal claims against these two

defendants cannot proceed because they are both private parties.

A claim for relief under Section 1983 must allege facts showing that each defendant acted

under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. As

such, private parties generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d

399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S.

288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)

("[T]he United States Constitution regulates only the Government, not private parties.").

The activity of a private entity can be attributed to the state in three situations: (1) the

entity acts using the coercive power of the state or is controlled by the state (the "compulsion

test"); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *See Fabricant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fundamental question under each test is whether the private entity's challenged actions are "fairly attributable" to the state. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

In analyzing whether a private entity acts under color of state law for purposes of Section 1983, the district court begins "by identifying the specific conduct of which the plaintiff complains," rather than the general characteristics of the entity. *Id.* Providing housing is not a public function because it is not the exclusive province of the state. *See, e.g.*, *George v. Pathways to Housing, Inc.*, No. 10-CV-9505 (ER), 2012 WL 2512964, at *4 (S.D.N.Y June 29, 2012) ("It is well established that the provision of low-cost supportive housing is not a 'public function' within the meaning of section 1983."). The fact that an entity receives public funds does not turn private action into state action. *See Rendell-Baker*, 457 U.S. at 840.

    1.    NAICA

Defendant NAICA is a private entity that provides housing. This function, however, is not a public function, and NAICA's role in providing housing to Plaintiff cannot be attributed to the state. The Court therefore dismisses Plaintiff's Section 1983 claims against NAICA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

    2.    Acosta

Plaintiff alleges that Acosta broke into his locker, took his food, and withheld his medication. Because Acosta is a private party who allegedly works for a private entity, Plaintiff fails to state a Section 1983 claim against this Defendant. The Court grants Plaintiff leave, however, to state more facts in an amended complaint regarding Acosta's alleged conduct. For

example, Plaintiff alleges that Acosta withheld his medication, but he does not provide any other facts concerning this alleged withholding, including the reasons for withholding Plaintiff's medication. Without more facts, the Court is unable to determine whether Plaintiff states a claim that Acosta violated any federal law.

C.     **City of New York**

Plaintiff also names the City of New York as a defendant, but it is unclear what claims he seeks to bring against this Defendant. Moreover, the allegations do not suggest that any policy, custom, or practice of the City of New York caused Plaintiff's injuries, as Plaintiff must show in pressing any claim against the City of New York.

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

To state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights.  *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff alleges that he was injured at a NAICA residence and then was wrongfully arrested. Because he names DHS as a defendant, the Court finds that Plaintiff seeks to bring a

claim against the City of New York regarding his housing at a NAICA residence. Plaintiff does not, however, state any facts suggesting that a municipal policy caused any injury to him; the complaint suggests only that Acosta caused his injuries at the NAICA residence. He also does not state any facts suggesting that his arrest was unlawful, that any arresting officer violated his rights, and that such a violation indicates that a New York City policy, custom, or practice caused his injury. The Court therefore grants Plaintiff leave to amend his complaint to state facts in support of his claims against the City of New York.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim against Acosta and the City of New York, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider

in deciding whether the amended complaint states a claim for relief. That information should include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint to assert claims against Acosta and the City of New York. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-6662 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses the claims brought against DHS under the New York City Charter and the Section 1983 claims against NAICA.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.* *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    October 24, 2022
          New York, New York

                                    /s/ Laura Taylor Swain
                                    _____
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                       (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                     State              Zip Code

_____

Telephone Number           Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 4: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.