UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BENJIMAN HOLMES,

               Plaintiff,

-against-

THE CITY OF NEW YORK; ANTHONY ACOSTA; D.H.S.,

               Defendants.

22-CV-6662 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendants violated his rights. By order dated October 24, 2022, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on December 6, 2022, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

The Court granted Plaintiff leave to file an amended complaint to allege additional facts in support of his claims against Defendants the City of New York and Anthony Acosta. In reviewing the amended complaint, the Court notes that Plaintiff's amended pleading contains fewer allegations than the original. The following facts are drawn from both submissions. The Court assumes familiarity with the Court's October 24, 2022, order, in which the Court detailed Plaintiff's allegations from the original pleading.

In Plaintiff's original complaint, he alleged that he was "jumped" at a facility operated by the Neighborhood Association for Inter-Cultural Affairs ("NAICA"), which was named as a defendant. (ECF 2, at 5) He asserted that Defendant Anthony Acosta, who worked at NAICA, was "behind it." (*Id.*) Following this alleged assault, Plaintiff indicated, he was arrested without cause. Unrelated to the assault allegation, Plaintiff claimed that Acosta withheld his medication.

Plaintiff's claims against the Department of Homeless Services ("DHS"), which the Court construed as brought against the City of New York, concerned DHS's alleged failure to place Plaintiff in "a protective location," and its failure to find Plaintiff an apartment. (*Id.*)

On October 24, 2022, the Court (1) dismissed the claims against NAICA, a private entity, for failure to state a claim upon which relief may be granted and (2) provided Plaintiff with leave to file an amended complaint to assert claims against Acosta and the City of New York.

In Plaintiff's amended complaint, he reasserts his claims regarding his being "jump[ed]." (ECF 5, at 2.) He states that he suffered injuries from a "beating" and that Defendant Acosta "was in charge." (*Id.*) He names as Defendants the City of New York, DHS, and Acosta.

## DISCUSSION

A. **Claims against the City of New York**

Plaintiff has not stated a Section 1983 claim against the City of New York because he does not allege any facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). Plaintiff originally brought claims against DHS based on its role in Plaintiff's housing; he essentially claimed that DHS failed to place him in a residence where he would not face any danger. Plaintiff did not reassert that claim in his amended complaint.[1] Even if he had, however, this allegation does not state a claim against the City.

Under the Constitution of the United States, individuals are not guaranteed "access to dwellings of a particular quality" or placement in a particular type of shelter. *See Lindsey v. Normet*, 405 U.S. 56, 74 (1972). Accordingly, the government has no "obligation to provide adequate housing." *Richardson v. City of New York*, No. 12-CV-2545 (WHP), 2013 WL 2124176, at *2 (S.D.N.Y Apr. 17, 2012) (internal quotation marks and citation omitted). These matters, "of landlord-tenant relationships[,] are legislative, not judicial, functions." *Lindsey*, 405 U.S. at 74.

The Court dismisses Plaintiff's claims brought against the City of New York because he does not state a claim suggesting the City caused a violation of his constitutional rights.

B. **Claims brought against the Department of Homeless Services**

Plaintiff's claims against DHS are dismissed under the New York City Charter. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the

---

[1] Plaintiff also does not state any facts regarding his arrest.

violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").[2]

### C.   Claims brought against Anthony Acosta

In the Court's order to amend, the Court noted that Acosta, as a private party, did not violate any of Plaintiff's constitutional rights. The Court did grant Plaintiff leave, however, to state facts regarding Acosta's alleged role in withholding Plaintiff's medication. In the amended complaint, Plaintiff reasserts that Acosta was responsible for the attack on Plaintiff, but he does not state any facts regarding the alleged withholding of medication. Thus, the facts as alleged against Acosta are insufficient to suggest that he acted under color of law.

In analyzing whether a private entity acts under color of state law for purposes of Section 1983, the district court begins "by identifying the specific conduct of which the plaintiff complains," rather than the general characteristics of the entity. *See Fabricant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). Providing housing is not a public function because it is not the exclusive province of the state. *See, e.g.*, *George v. Pathways to Housing, Inc.*, No. 10-CV-9505 (ER), 2012 WL 2512964, at *4 (S.D.N.Y June 29, 2012) ("It is well established that the provision of low-cost supportive housing is not a 'public function' within the meaning of section 1983."). The fact that an entity receives public funds does not turn private action into state action. *See Rendell-Baker*, 457 U.S. at 840.

Plaintiff sues Acosta because of the alleged role he played at a NAICA-run facility. As Acosta is a private individual, any role that he did play does not implicate the United States

---

[2] Ordinarily the Court would construe these claims against the City of New York. The Court need not do so here as Plaintiff named the City of New York, and the Court dismissed the claims against the City.

4

Constitution. The Court therefore dismisses Plaintiff's claims against Acosta for failure to state a claim upon which relief may be granted.

**D.     Further Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

**E.     Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff seeks to bring.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:  May 9, 2023
           New York, New York

                                  /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  Chief United States District Judge